Good morning everybody. We're here today for oral arguments. We're going to begin with case number one which is Appeal 20-1725 Otis Elion v. United States. We'll begin with argument from Mr. Roper. Thank you. Good morning and may it please the court. Aaron Roper as court appointed amicus in support of appellant Otis Elion. Mr. Elion received a sentence over double his correct guidelines range because his lawyer fundamentally misunderstood the categorical approach. For two independent reasons, the government cannot show with certainty that Elion's state law convictions match the guidelines. First, Illinois look-alike convictions do not require that the substance be made with intent to deceive. And second, Illinois criminalizes advertising, conduct outside the guidelines as part of one indivisible offense. Counsel's failure to raise either argument was both prejudicial and deficient and indeed the government no longer defends counsel's actual reasoning. I'd like to begin this morning with the counterfeit issue briefly because I think it provides the most straightforward basis for reversal in light of the government's concessions in its supplemental brief. The government now says that to match the guidelines a counterfeit substance has to be made with intent to deceive. But the government never attempts to show how Illinois law possibly satisfies the government's own definition. Nothing in the text of section 404, nothing the definition of look-alike substance in 102Y, nothing in any of the Illinois cases remotely suggests that state prosecutors have to prove anything about the manufacturers intent. So right there on the basis of the government's own definition there's a plain mismatch on the face of the statute and Elion is not a career offender. So that alone requires reversal. If we were to conclude that there was an intent to deceive facet to counterfeit and we were to play that down the board and conclude therefore that there would have been prejudice and the career offender designation, what do we do with the performance prong? If you were to just address the counterfeit issue, I think it would be helpful to also address the divisibility argument so that we have the full scope of counsel's errors. But just looking at the counterfeit issue alone, I do think it would still be deficient performance. Then we would set aside counsel's affidavit because she just doesn't talk about this issue at all. So I think if we just have this issue a remand would be helpful to develop the record on that score. But I do think it would still be deficient to raise the argument. I mean there's no strategic reason to forego which what is by hypothesis a winning categorical approach. What about the case law though that was coming down, albeit unpublished, indicating that making this kind of mismatch argument would have been frivolous? I think with respect to those two cases those were just addressing a different kind of argument. In all these cases the real fight was whether to apply sort of a term of art meeting of counterfeit or to apply the plain meaning. No counsel was and no court was considering whether defendants would prevail under the plain meaning argument. So I think they're just an affidavit and of course those decisions are unpublished for a reason. This court accepting honors motions to withdraw doesn't make law because the court isn't fully considering the scope of the argument. Would we be creating a circuit split though if we took this took this approach? No I think the Illinois statute is materially distinguishable from all the stimulated controlled substances statutes because those are like generally look at whether the substance purported to be a controlled substance which I think it problematic decision is the Eighth Circuit's decision in USB Robertson which does address the Illinois statute but the problem for the government there is that if you read the Eighth Circuit's opinion there's an they just misquote the statute and the government doesn't attempt to rehabilitate that reasoning so I guess in some technical sense there's a split with how that court resolved the bottom line but I would hope that that court you know reading the statute again reading the court's opinion realizing they made a typo would reconsider its approach in that case. Mr. Roper while we're on the ineffective assistance question there what's what's the point of a remand? I think now the government has put the performance prong fully in play the court could resolve the issue against them but I think a remand if the court isn't going to go that far would be helpful to develop the record on counsel's reasoning I mean specifically on the counterfeit issue we don't actually know anything about her reasoning her affidavit just doesn't talk about the issue at all. Yeah I guess if you step back a little bit what if we if we credit your position you you you prevailed on the merits of it that way and it I guess what I'm trying to get at is isn't there some futility then on the remand around the performance prong because what you have concluded of course is that there's a demonstration of prejudice on prong two under Strickland that way and wouldn't it almost kind of ipso facto be deficient performance to miss a miss a winning argument and so I'm just thinking to myself what what what transpires in the district court against the backdrop of a Seventh Circuit opinion saying you got a winner here. Yes. What's that look like? I mean I think the court could fully go ahead and resolve the performance prong in our favor in our opening brief we asked for a remand because we took this circuit's precedent to afford counsel an opportunity to explain herself but now that the government wants to rest on performance I think yes you could definitely say I mean we have an affidavit from her explaining her reasoning it's wrong on its face it's plain she doesn't miss and she misunderstood that categorical approach and I agree that that's gonna be very hard to rehabilitate on remand so I don't want to fight that premise too much because I do think it would be a little futile here there's nothing the government can do if you agree with us that these arguments are winners on the merits and that counsel flatly misunderstood and misjudged them that mistake of law is going to be deficient I mean the only thing that I could think of is that you go back down and on the performance prong in a hearing or something you say well I've read the Seventh Circuit opinion yeah it's a winner I missed it why did I miss it because of the extraordinary complexity of this area of law and the ability to you know foresee all these arguments and what have you and then the question is is there any legal viability to that strain of argument right I think that court this court has already squarely rejected that strain of argument in complexity is not an excuse defense attorneys need to understand the law is their job to do the research and figure out what the answer is so yes I think if that's all they've got there's no need for a remand the court could directly resolve the issue and order resentencing I do think it would be helpful for the court to address the divisibility issue though if you're not because I think that is where counsel's error is most obvious on the face of her affidavit can I ask a question about that yes to get the benefit I mean your read him and prepared the the hypothetical you have about the guy Hawking the rice on the street corner yes okay what's the you state it well I totally I totally get it what's the legal underpinning of the reasoning why he can't be convicted of the four or five offenses what what's doing the legal work there I think it's a legislative intent question the because the point that hypothetical is to illustrate that this would have been a legislature to create four separate crimes obviously they could the Illinois legislature could have written a statute that says advertising is a felony distribution is a felony manufacturing is a felony so the point that I just had a list illustrate that you know that would have been a strange statute for the Illinois legislature to write because all of these this conduct is overlapping they're compact this would be a strange thing to think that a state legislature would want to turn into four separate and distinct crimes for which is there a next step in that reasoning and therefore the multiplicity doctrine kicks in or not I mean it really just boils down there to what did the Illinois legislature did it's it would be multiplicitous under our reading of the statute that would not be multiplicitous under the governance reading of the statute because those are distinct crimes and our point is that it would be weird to write for the Illinois legislature to have written a statute where that's not multiplicitous because you could have a quadruple conviction for what is really one drug the argument the what you're doing it's really statutory construction is what you're saying what's doing the work there is just the the the interpretation of the statute by virtue of the way it was structured by the General Assembly that's correct yes our point is that as a baseline I think the certainty requirement is the easiest way to get at the divisibility argument because Elion has a mountain of evidence that Illinois courts wouldn't do treat the statute as divisible and the government's handful of contrary points aren't going to be able to establish state law with certainty we've already talked about the statutory text I think another very powerful indication in Elion's favor is the Illinois Supreme Court decisions that when faced with statutes that on their face look far more distinct and far more like divisible statutes the Illinois Supreme Court has held those statutes to be indivisible so as a matter of Illinois law it's very hard for me to see how this statute falls on the divisibility line much less certainly on the divisibility side of the line and that's borne out in practice we've identified eight real-world Illinois decisions where courts appear to have entered section 404 B convictions in the alternative on the government's reading the statute every one of those convictions violates the Sixth Amendment's jury unanimity requirement and that's a troubling result and that's you know one of the reasons we have the certainty requirements that federal courts aren't accidentally casting doubt on state convictions if the court were to look outside Illinois law as the government would have you do the obvious place to start is this circuit's precedent interpreting very parallel language in section 841 a1 to be indivisible the federal drug statute the government doesn't really have responses to these points and given that they need to show the meaning of Illinois with law with certainty I think that basically dooms their challenge can I ask you on the on this same issue just for purposes of discussion here assume assume that we hit a point of concluding that the divisibility analysis here is it just doesn't lend itself to clear answers okay I know that's not what you're urging but just assume that okay and then let's assume that we invoke the safety valve in Mathis you know what I'm talking about the record documents yes yeah the record documents safety valve in Mathis that way when we look at the visibility question it's you were not looking at the record documents to apply like the modified categorical approach I I get that okay but when you look at the record documents from the 2000 conviction as you have right there's no question that there are facts in that indictment but the facts appear under the provision of notice alleging you know the offense in question and it says unlawful delivery it could say unlawful advertising you know any any number of things that way doesn't that help us not hurt us and what I have a difficulty with is it seems to fit precisely in an example that the court provides in the Mathis majority opinion right I think the fundamental problem with that though is that this court already recognized in parsage that Illinois record documents do routinely contain these extraneous factual details and not just in sort of but we did that in parsic after already concluding that the statute was indivisible in responding to counter arguments yeah I do think that was part of the courts holding in that case I mean it's the court recognized that I mean the record document there said intent to commit theft and the courts held even though that was like listed in the description of the crime that that wasn't an element of the offense but you know even if you're looking at the record document and even if you spot the government that delivery really means distribution the I think the fundamental problem for them is that they still need certainty and it's not like when we get to the record documents you throw out everything you already know about Illinois law so to the extent if you think that this is a point in their column I think it's a fairly small point when Elion has a mountain of evidence about you know other state convictions I mean presumably those eight cases we've identified the record documents in those cases presumably say distribution or manufacturing I don't know what else they would possibly say or why the courts would have described the convictions that way and I think the problem here is that there's just there's of an asymmetry at least in Illinois about what prosecutors can put in the record documents because you know if there's multiple list multiple alternatives listed that means the statute has to be indivisible or that conviction is unconstitutional but the state is always free at least in Illinois to take on a higher burden for itself to just prove one of the alternatives and it might well be a sensible thing to do if your only theory of the case is that the defendant sold the look-alike substance there's no need to write manufacturing indictment and just potentially I mean all you're saying with that is that it's just possible they charged it as a means correct yes so yes I think the record documents I think parts it's just really dispositive of whether you should be looking at them but if you don't buy that even if you're looking at them even if you read it the way the government does I don't see how it can meet the certainty burden given all of the other points on Elion side of the column besides the record documents the other thing the government is relying very heavily on is the Illinois pattern jury instructions I think it's sort of similar problem there math is requires authoritative sources of state law that in Illinois the pattern instructions aren't authoritative they're drafted by an advisory committee that's primarily made up of lawyers and law professors and they're not approved in advance by the Illinois Supreme Court so they're not an authoritative statement of state law and again I think this is also a similar story to the record documents even if you do look at them they don't help the government as much as the government thinks I mean the instruction itself just lists all the alternatives in parentheses there's no indication that the court couldn't list multiple terms instead the government is going to the advisory committee comment that says in certain unspecified circumstances courts may have to give a multiple jury forms I don't know exactly what that means although I'd note that the principal instruction that we're talking about here isn't just for 404 B it also covers simple possession and so there are multiple crimes covered by that instruction if you're going to charge simple possession which is a petty offense it's clearly divisible from the rest of section 404 and a normal section for offense in the same document those obviously have to have different jury forms because there are two different crimes given the different penalties so again I don't think you should be looking at the pattern instruction if you do look at it I don't think it helps the government as much as they think it so that I think really is disposes of the merits on the divisibility and on the counterfeiting issue and that leaves us with what to do on the performance prong we've already talked a little bit about this judge gutter but I think the court basically has three approaches there one you could just remand it back to the district court the district court only address the prejudice inquiry and so the court isn't obligated to go farther than that at the other end of the spectrum I think the court could properly go ahead and resolve the issue the case in Elion's favor at this point and order a new sentencing the government has put the performance prong fully in play yet the government doesn't even acknowledge counsel's mistake the government doesn't attempt to rehabilitate her reasoning the government doesn't point to anything it would possibly offer on remand indeed it says there are no factual disputes here so I think the court could go ahead and resolve the case in our favor or third the court could sort of take a middle approach reaffirm that a mistake of law is deficient performance point out counsel's errors here reaffirm that legal complexity and difficulty aren't legitimate reasons that can excuse counsel's performance and but then let the district court do the bottom line analysis in the first instance given that mr. Elion will presumably be pro se on remand I do think there would be value in this court saying something about the performance prong either resolving it outright or at least providing a strong signal that you know counsel's mistake of law that's patent at page a 62 of the appendix is troubling and problematic but again that's ultimately something in the court's discretion are you saying if we remand you're gonna abandon him at this point well I'm not his lawyer so oh it's this truth that's true I'm here I'm here on your behalf so you deserve the rest of your time yes thank you mr. Roper will now hear from the government mr. Reed in 2012 this court agreed with defense counsel that any challenge to the use of an Illinois look-alike conviction would be frivolous it explained we and at least for us or sister circuits have rejected similar arguments involving the Illinois look-alike statute or other comparable state statutes it's against this backdrop that this court should consider counsel's performance and whether that performance prejudiced mr. Elion on both prongs of Strickland as to prejudice petitioner has the burden of showing a reasonable probability or a substantial likelihood the sentencing court would have acted differently if an argument had been raised we know there was little probability of a different result because this court had labeled such arguments frivolous and this is very similar to the ballard case out of the Sixth Circuit where the court looked at the state of the law at the time really the law hasn't changed here in this circuit but in Bullard the question was is there a categorical mismatch here or not well if there has precedent out there that says it's not a categorical mismatch as there is here stating that the Illinois look-alike statute does not create a categorical mismatch we can take a pretty good guess as to what that trial court would have found had defense counsel raised that argument would have found that there was there's a very little probability of a different result and therefore no prejudice to mr. Elion from defense counsel's performance as to the deficient performance prong that directs the court to answer judge scatters question that directs this court to look at what prevailing professional norms were at the time defense counsel appeared at 2017 and and we know what prevailing professional norms were at the time because those decisions in green and Fennegar tell us what prevailing professional norms were defense counsel said I see a wall of precedent from at least four circuits including a decision from the a circuit saying that this argument is no good and in light of that I think this argument is frivolous and again there's a big gap here between the Anders standard whether an argument is so frivolous you cannot be ethically raised by defense counsel and the Strickland standard which is way over here which is the argument is so good that it must be raised by defense counsel or else they're constitutionally deficient there's this huge gap in between those two standards of reasonable performance and where the council engaged in objectively reasonable performance there's no Strickland violation again Anders is way over here Strickland is way over here this court said this kind of argument was over here and counsel can rely on that you should read what are we to do with the argument that our court should read and intend to deceive men's ray into a guideline judge I would say two things with regard to the federal guidelines statute I believe opposing counsel mistakenly has mischaracterized the government's argument I just don't think it's right to read a intent requirement into a dictionary definition to read a dictionary definition like a statute right so when Robertson cites a definition for counterfeit what is the word counterfeit it's not saying let's look at Merriam-Webster to define the elements of this offense and what Robertson looks at it's just look it says counterfeit counterfeit means made in a way it's it's a look like it's counterfeit you know counterfeit money it's made to look like something else that doesn't create some kind of intent requirement but even if it did and I think this is the more important point every court that has looked at this Illinois look-alike statute has found an intent to deceive requirement I'd point the court to this court's or to the Illinois Appellate Court's decision in Prather PRA TAGR it said the statute center requirement limits the reach of substance as a controlled substance and that's precisely what was that issue in the Prather decision the defendant had brought a vagueness challenge to the statute saying I don't I don't know when I how would I know whether I violated the statute it asks whether some other person would think this was a look-alike offense and the court said because the statute requires you to intend to pass off a controlled substance or a non controlled substance as a controlled substance that the only Illinois court decision to address the issue has found that the Illinois statute has an intent requirement so there's no real reason to look at that Merriam-Webster definition and try to find some kind of intent requirement because the only Illinois decision to have ever addressed it has said there's an intent requirement in the state statute and so there can be no categorical miss you think that conclusion follows from the text of the statute too yes I do and I'd point the court to the Robertson decision from the circuit right so you have two different parts of this statute and the question is whether there's an intent requirement and again as Robertson says and as Prather says you don't look at a criminal statute and lightly read out an intent requirement criminal statutes have culpable men's rare requirements and when you look at this statute the first half has a intent requirement buried in the physical characteristics of the substance the second half of the representations the words of the defendant or the circumstances under which they're how do you knowingly how would you knowingly distribute a look-alike substance without intending some form of deception I so Mike that's my question judge the only of the only instance I can think of that you can hack that intent is the one addressed by the statutes exception right where you think that you have the real thing but it's actually just a look-alike or what you could the only thing I can think of is if you let's hypothesize a circumstance where a defendant sells something and he's not aware of the something he's selling he doesn't know whether he's selling a look-alike substance whether he's selling aspirin or for that matter whether he's selling a bicycle he's okay but the Supreme Court has told us has it not at least at this initial initial stage of trying to measure overbreadth that look there's got to be a reasonable probability of what you're hypothesizing coming to be in other words we shouldn't engage in just wild fanciful hypotheticals hey that's right judge and again if you want to know what the statute says every court that has asked whether that Illinois statute has an intent requirement has found that it does have an intent requirement so not only are you to use your words engaging in mild hypotheticals if you were to find in favor of mr. alien on this point or really amicus because so I think the harder look you I mean I think the harder issue you have is on advertising sure much harder that way if you just if you if you took anybody listening to this morning's oral argument and you walked back there and you gave one of the statutes and you set them side-by-side you said now just look at these two things and you tell me whether they're different everyone's gonna say oh yeah they're different that Illinois statute has advertising in it but the 4b the 4b definition of control does not okay you'd say well they must have included advertising because then it must mean something different than distribute manufacture because why else would you include it judge I think that everybody would have said the same thing about this court's decision in Hudson which is why you need to step through the analysis so when I look at at the advertising definition we start with mr. Leon's argument which is from the fifth Circus decision to Hinkle in the 10th Circus decision and Madkins and those decisions the court looked at state law and found the statute criminalized only a mere offer to sell and again to clarify the government's position this is what Illion says about the Illinois advertising statute that it criminalizes a mere offer to sell you can advertise something without in a way that you know promotes a product but doesn't attempt to sell it two things judge first mr. Leon in his briefs does not dispute that the stature requires an offer to sell and in fact he's the one who raised raised the idea that it that it disagrees with mr. Leon on that point second I think that if you look at the actual definition of advertise and at the way the Illinois courts have defined that term you can't advertise without an intent to sell and on the statute if I'm an advertising company and I'm just advertising to promote a product again judge you have to look at the way the term is defined it has to be I'm not doing the advertising it has to be made in a way to induce to acquire right that's a defined statutory term it's not taking its common meaning and the defined definition is induced to acquire and when you look at the way American Daily read that language what what does it take to induce to require well it takes formality publication dissemination solicitation or American Daily is the the only decision looking at advertising it made this distinction between the party that has drugs to sell and that's their distinction the advertiser had look-alike substances to sell the publisher did not have look-alike substance substances to sell the court pointed in American Daily pointed to four facts as to why that publisher had not advertised one had no pecuniary interest in the sale of look-alike to fill orders three was not a conduit for the sale of the pills and four it was not a willing participant in the illegal sale of look-alike drugs if we look at those same factors in light of your honor's hypothetical if I put out an advertising that says I like avocados I don't have a pecuniary interest in the sale I don't have any supplies from which to fill orders I don't have a conduit for the sale of the pills and I'm not a willing participant in the sale of avocados and here the context matters we're dealing with a legal substances right you don't get an advertisement that says go buy fentanyl see the cartel right that's the context matters in this instance and I think building on that hypothetical you can see the intent requirement in this statute as well for a couple reasons contrasts an advertisement from a pharmaceutical that says fentanyl is a great painkiller advertised in the but not advertised in the sense of this statute why because there's no intent to violate the law contrast that with cartel saying fentanyl is great go see our dealers that's a violation of the statute because there's an advertisement with an intent that's presenting a good-for-sale that they have that they have a pecuniary interest in selling and that they have an intent to sell if we what's your response to the hypothetical about the guy with the rice bags on the corner judge whenever the court is engaging this kind of visibility analysis it has to make a choice between two different hypotheticals right either under amicus's position you have to say that the government can charge the defendant with manufacturing and distributing right and the jury doesn't have to agree doesn't have to be unanimous on which one it is or you have to say that it's charged in separate counts right this hypothetical I would argue is is more extreme I don't think that let me let me give you a different one okay suppose we have a guy on the corner and he has a he has a baggie of one baggie of heroin in his pocket at time zero and it at t plus one he sells it can you convict him on of two counts one possession with intent to distribute at t zero and then distribution at t plus one judge you would charge both but you would have a conviction that the convictions would merge right so the jury why it's because the factual basis is the same right so you can't you can't convict twice for the same conduct conduct different well the conduct it and that's I think so how is that different than mr. Roper's rice business I don't think it is different than mr. Roper's rice business you can charge multiple crimes but if the factual basis of both is the same those merge after the jury verdict and you're convicted with one sentence okay in that and nothing about 841 being indivisible changes that 841 a1 judge 841 a1 right right judge so I agree with amicus that these these older cases this order case or a jockey from 1976 says what it says I would suggest and I'm not this is this is me not Department of Justice it suggests that this is not the way this is charged in practice if you were to look at the Seventh Circuit's jury instructions as a matter though I mean you I'm you can't overrule Seventh Circuit precedent I know that but as you stand there right now do you think under given everything we know from the Supreme Court about how to apply the categorical approach here that 841 a is indivisible as we stand here today forget our precedent what do you think the right answer to that question is I think in practice that manufacturing and distributing are charged separately okay when you say in practice that mean as a legal matter I'm not asking you to bind the Justice Department sure I you know this I'm okay I'm just at what do you think the right legal conclusion to that question is I think the right legal question is that there's they're distinct elements and that they would be charged separately and my basis for that is when I look at the jury instructions visible not indivisible that it is divisible right that they would be charged in separate counts for the reason that I stated the jury instructions list them as separate offenses they're separate instructions for manufacturing and distributing and this court's instructions and and as a practical matter I think the court would look at whether jury and unanimity should be required as to manufacturer versus mr. we can issue questions for her back to the Strickland analysis here yes sir your argument on the look-alike substance is that it's not ineffective for counsel to raise that because of our precedent right but if we just looked at our 841 a1 precedent and you've got Mathis I mean you you've got a defendant here who pled guilty in the blind there's no plea issues whatsoever the whole ballgame is sentencing and here a big part of the ballgame is is he going to be is he going to be subject to these enhanced penalties etc and your argument on the look-alike substance it's not ineffective for counsel to raise the issue at the district judge because even if even if counsel you know counsel doesn't have to be perfect even if even if Hudson was wrong and some of these other cases doesn't matter but what about the 841 argument we've got these older cases from the 1970s it's a 841 a1 is indivisible okay 841 a1 looks a lot like the Illinois statute what makes counsel ineffective or what makes a counsel effective in this case for not raising the divisibility issue I'm sort of the heels of Matthew of Mathis sure judge three three three quick answers the first answer is that counsel could have looked at to Moncrief the Supreme Court's decision about the Georgia statute or it was read as a divisible statute or any of a handful of decisions Maldonado Tara's Taryn solace interpreting similar state statutes as divisible second to your question about this particular defense counsel her divisibility analysis simply assumes top-line divisibility which is the statutes divisible in some way then we can look at the the documents the decision in 2020 so when defense counsel is looking at this in 2017 her reading is certainly well within the realm of reasonable objectively reasonable practice some courts were reading it as top line of visibility some were not and certainly that's an argument that was being made as late as 2020 and third while I'm on the topic of this particular defense counsel practice when you look through to the advertising argument she says I looked at Hinkle which was the mere offer to sell case I looked at Hinkle I just don't think it she didn't think it applied the Seventh Circuit hadn't addressed it in fact the next year the Seventh Circuit would reject a similar argument and when you look at American Daily had she followed through that I don't know whether she did it doesn't say in the affidavit American Daily says you got to have something more there's a formality requirement there's a and so what this council did was perfectly reasonable in light of the law at the time not only as to divisibility which was initially not top line of visibility which was not resolved until Ruth in 2020 but also as to advertise she went and looked at Hinkle and said you know I don't see this and I don't see it either as we sit here today when you look at the case law in American Daily it's just not there when you look at the facts that American Daily looked at they simply don't apply in that kind of generic influence or promote definition of advertise that's being promoted by amicus you have to look through at those specific facts that the Illinois court looked at was there can your interest in the sale were there supplies to fill orders was there was our conduit for the sale of pills and whether a willing participant in the illegal sale lookalike mr. Reid mr. Ropers brought up the Robertson case and potential misreliance in that case on a certain misquote where's your response to that judge I just don't think that it influences the court's reasoning court looks at both y1 and y2 and explains very carefully why I think some intent is required and I think the bigger point from Robertson and from Prother is that you don't lightly look at a state stat criminal statute and read out an intent requirement that's rare you don't do that you're it's a criminal statute has and you should read it that way if you can read it that way briefly in my last 30 seconds to address remand on the performance problem judge I think there is a question about what prevailing professional norms are don't think it's a fact issue in this case because we can look at green and Senegal this court can certainly affirm on the performance prong because it can confirm on any basis raised by the prevailing party I don't think that it can reverse on the prong because it has not been addressed in the first instance by the district court so for these reasons I'd urge an affirmance thank you very much mr. Reed mr. Roper rebuttal argument thank you your honors three points on ineffective assistance advertising and then the counterfeiting issue on ineffective assistance the government's trying to reframe this issue this case around the performance prong I heard a lot at the beginning of counsel's argument trying to sort of bleed performance into prejudice that's not this circuits approach I think bridges lays out a clear framework here you answer the legal question in the first instance if Elyon's a career offender if he was no not prejudiced he isn't a career offender he was prejudiced and then we go on to two performance on the performance prong the government was suggesting that this was somehow unclear or that counsel's reasoning was plausible in 2017 that's not right this court in USB land in 2017 before Elyon sentencing recognized that top-line divisibility is not enough we cited that in our brief the government didn't respond to it also in Mathis the Supreme Court made abundantly clear that the entire point of the categorical approach is to identify the elements of the conviction and counsel didn't do that she just treated section 407 the visibility as a whole as dispositive without actually looking at mr. Elyon's elements on the advertising issue I find an offer to sell in the statute if you read the text of section 404 a1 which defines advertising it says that it covers indirectly attempting to induce someone to acquire something that is not an offer to sell instead the government seems to be trying to get a concession out of Elyon's pro se brief on that score I didn't hear a response to the actual arguments about what the statutory text requires on the intended sell requirement the government is divine and intent to sell requirement out of the 38 year old decision in American Daily Publishing by the Illinois Intermediate Appellate Court I don't think that is dispositive there's no intent requirement in the text and if you read that decision the court is explaining why the publisher there was not liable because he was publishing the substance he was published at publishing the advertisement he wasn't himself the advertiser on the counterfeit issue I agree the statute has and it has a mens rea requirement it's knowledge the actions have to be done knowingly knowledge is not the same as intent to deceive we have different mens rea standards in the law for a reason instead the statute turns on the objective perception of a reasonable person and that can be satisfied in a case like people be Upton in the have a defendant who says I knew I was selling caffeine pills my buyers knew they were selling my buyers knew they were buying caffeine pills but if the caffeine pills objectively look like amphetamines that violates the statute in case after case the way the state convicts in these cases is it puts a police officer on the stand who testifies that he knows what illegal drugs look like and when he first saw these substances he thought they were an illegal substance that's an objective reasonable person to standard it's not a I heard the government also trying to walk back today it's concession and it's opening brief that an intent to deceive standard is quote necessary to convict that's on page 14 of their brief if you have doubts about whether Hudson imposed that standard I think you should hold them to their concession you don't need to say anything about what federal law actually requires they've conceded in this case that it's made with the statute even it requires the defendants intent obviously doesn't require the manufacturers intent so for all those to reverse the decision thank you very much mr. Roper mr. Roper you have the thanks of the court as well as to your law firm for all the excellent work mr. Reid excellent work thank you very much for the presentation the case will be taken under advisement